IN THE FEDERAL DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHELSEY HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>JVM REALTY CORPORATION,<br><br>Defendant. | Case No.: 22-cv-4632 |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff CHELSEY HERRERA, by and through undersigned counsel, bringing this Complaint and Jury Demand against Defendant JVM REALTY CORPORATION for hostile work environment, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. In support of her claims, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought pursuant to 42 U.S.C. § 2000e *et seq*. for hostile work environment, sex discrimination and retaliation. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about April 9, 2021 and was issued a Notice of Right to Sue on or about June 7, 2022.

1

2. Venue is proper under 28 U.S.C. § 1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## PARTIES

3. Plaintiff CHELSEY HERRERA (hereinafter "Plaintiff") was an employee of Defendant. Plaintiff's most recent position at Defendant was leasing manager.

4. Defendant JVM REALTY CORPORATION (hereinafter "Defendant") is a private employer with over fifty employees. Defendant is a multifamily real estate investment and property management company with its headquarters in Oak Brook, Illinois. At all times relevant in this complaint, Defendant was Plaintiff's employer.

## FACTS ALLEGED

5. Plaintiff is female.

6. Plaintiff is Hispanic. Her national origin is Mexican.

7. Plaintiff was hired at Defendant as a leasing manager on or about September 4, 2019 at Defendant's Avant at the Arboretum Apartments in Lisle, Illinois.

8. From her hire until in or around January of 2021, Plaintiff's direct supervisor was Property Manager Anthony Pronos.

9. Pronos reported to Defendant's Regional Manager, Maria Sheehan.

10. Often when Plaintiff would get up to use the restroom, Pronos would make comments about Plaintiff inserting a tampon in her vagina.

11. In Plaintiff's presence, Pronos and Maintenance Supervisor Dennis Jackson joked about a former female employee sending nude photos of herself and referred to the former employee as a "whore".

12. In Plaintiff's presence, Pronos and Jackson made inappropriate comments about female residents' body parts, including but not limited to: "I would motorboat her tits," "some bitches have flappy pussies" and "Damn she has a fat ass".

13. In or around December of 2019, Jackson told Plaintiff to clean apartments and commented, "Isn't that what Mexicans are best at?".

14. In or around December of 2019, Jackson asked Plaintiff if she and another Latino coworker had "crossed the border illegally."

15. Jackson also referred to some Latinos as "Spics".

16. Jackson called Plaintiff fat and told her she looked like a garbage bag.

17. On September 25, 2020, a sex toy was placed in Plaintiff's desk drawer. Pronos and Jackson told Plaintiff it was for her so that she could "use it". Another employee named Matt was present and advised Pronos and Jackson not to put the sex toy in Plaintiff's drawer, but they did not listen. Matt confirmed to Plaintiff that it was Pronos and Jackson that had placed the sex toy in her drawer.

18. Plaintiff complained about the sex toy that was placed in her drawer. At some point after her complaining about it and before Plaintiff could herself make a record of it and then discard it, Pronos surreptitiously removed the sex toy from her desk.

19. The conduct continued until in or around January 2021, Plaintiff told Jackson she would report the conduct to human resources if it did not stop. Jackson responded that he was not afraid of HR because HR knew that he would sue them for race discrimination.

20. In January of 2021, Pronos and Jackson alleged to the Regional Manager, Maria Sheehan, that Plaintiff was trying to start trouble to get Pronos fired and accused Plaintiff of being racist. When asked, Pronos and Jackson could not provide specific examples of

Plaintiff being racist. Sheehan escalated the complaint to Defendant's VP of Operations Lecia Anderson and VP of Human Resources Ashish Kapoor.

21. The next day, Kapoor and Sheehan had a meeting with Pronos. During the meeting, Pronos recanted his complaint about Plaintiff being racist. Pronos ultimately characterized his issues with Plaintiff as a "personality conflict."

22. The same day, Kapoor and Sheehan met with Plaintiff. Plaintiff was asked about whether she had acted in a racist manner towards Pronos (White), Jackson (African American) or others. During this meeting, Plaintiff informed Kapoor of Pronos' sexual harassment. Plaintiff later emailed Kapoor a description of some of her experiences and requested a transfer to a different location.

23. Defendant ultimately terminated Pronos and Jackson for their conduct.

24. In response to her email describing her experiences, Plaintiff was told by Defendant that her complaints were not substantiated.

25. Following Pronos' termination, Sheehan became Plaintiff's direct supervisor.

26. After complaining about Pronos and Jackson, Plaintiff began experiencing different treatment from Sheehan and others. This includes that Plaintiff was told not to email human resources anymore about her getting harassed in the workplace.

27. During her employment, Plaintiff received positive performance evaluations.

28. Despite having consistently good performance evaluations, Sheehan began telling Plaintiff that she needed "more training." Sheehan criticized Plaintiff's performance on her daily tasks and made negative comments to Plaintiff about her interactions with residents and prospective residents.

4

29. In or around February/March of 2020, Plaintiff applied and interviewed for a promotion to Property Manager at Avant at the Arboretum. Plaintiff was told by Sheehan that she would not get the position because of her previous complaints of harassment.

30. Plaintiff applied again for the same position. Plaintiff was again told by Sheehan that she would not get the promotion due to "everything that happened", referring to her complaints of harassment.

31. Plaintiff was qualified for the promotions she applied for.

32. Following her complaint about Pronos and Jackson, Plaintiff was also denied an employee rental discount rate that other employees received.

33. On more than one occasion, other employees told Plaintiff they were aware that she had complained about Pronos putting a sex toy in her desk drawer, and that this resulted in his termination.

34. In March of 2021, a different male coworker texted Plaintiff inappropriate sexual comments.

35. Plaintiff quickly reported the inappropriate text from the coworker to Kapoor. Kapoor told Plaintiff that Sheehan would look into the matter.

36. The next day, Sheehan informed Plaintiff that she had let the coworker's immediate supervisor, who is also the coworker's brother-in-law, address the matter. Plaintiff informed Kapoor and told him that she did not feel comfortable with additional people in the office having knowledge about her reports.

37. Plaintiff was told that that the coworker explained to his brother-in-law/supervisor that the text was a mistake, and that he had meant to send it to his wife.

38. Upon information and belief, the coworker that sent Plaintiff the inappropriate text was not disciplined.

39. On March 24, 2021, Defendant held a virtual awards ceremony. Plaintiff excused herself to use the restroom.

40. On March 25, 2021, Defendant terminated Plaintiff for "disruptive behavior" at the awards ceremony. Plaintiff did not do anything to "disrupt" the ceremony.

41. Upon information and belief, Kapoor's employment at Defendant ended sometime in 2021 after Plaintiff's termination.

### COUNT I – HOSTILE WORK ENVIRONMENT BASED ON SEX DISCRIMINATION

1. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

2. Plaintiff is female.

3. Defendant discriminated against Plaintiff on the basis of sex, including but not limited to, by allowing a hostile work environment because of her sex such that the work environment created for her different terms and conditions of employment. Plaintiff was subjected to persistent and/or grossly offensive conduct, including but not limited to: subjectively and objectively offensive statements directed at her, subjectively and objectively offensive statements made in her presence about other women, a sex toy placed in her desk drawer by her manager and another manager, and sexually inappropriate texts from another employee. This created a hostile work environment for Plaintiff.

4. Defendant's unlawful conduct violated Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e *et seq.*)

5.	Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.

6.	Defendant's unlawful conduct caused Plaintiff damages including, but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

## COUNT II – SEX DISCRIMINATION

1.	Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

2.	Plaintiff is female.

3.	Defendant discriminated against Plaintiff on the basis of her sex, including but not limited to, when it failed to promote her, and later when it terminated her under pretext.

4.	Defendant's unlawful conduct violated Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e *et seq.*)

5.	Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.

6.	Defendant's unlawful conduct caused Plaintiff damages including, but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

## COUNT III - RETALIATION

7.	Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

8.	By telling Jackson and Pronos to stop their harassment, Plaintiff was engaging in protected activity.

9.	By informing Defendant of Pronos and Jackson's conduct, Plaintiff was engaging in protected activity.

10. By informing Defendant of further sexually inappropriate behavior from another male coworker, Plaintiff was engaging in protected activity.

11. Defendant permitted a workplace where supervisors and employees made inappropriate and offensive comments about race, national origin and sex, despite it making the subjects of the harassment uncomfortable. This created a hostile work environment for Plaintiff.

12. After Plaintiff complained about Pronos and Jackson's conduct, she was denied two promotions, and denied the rental discount given to other employees.

13. After Plaintiff complained of inappropriate texts from another male coworker, Plaintiff was terminated.

14. Defendant's stated reason for terminating Plaintiff was pretext to cover up the discriminatory and retaliatory treatment.

15. Defendant's unlawful conduct violated Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e *et seq.*)

16. Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.

17. Defendant's unlawful conduct caused Plaintiff damages including, but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHELSEY HERRERA prays for judgment against Defendant JVM REALTY, INC., awarding:

a. Actual damages;

b. Compensatory damages;

c. Punitive damages;

d. Costs;

e. Attorney's fees; and

f. Such other relief as the Court deems just and equitable.

                                  Respectfully Submitted,
                                  CHELSEY HERRERA
                                  Plaintiff

                                  _____
                                  Christina Abraham
                                  Attorney for Plaintiff

Attorney No. 6298946
Christina Abraham, Esq.
Abraham Law & Consulting, LLC.
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150


August 30, 2022